IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHEEM M. WILSON,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 24-CV-5356 |
| MICHAEL FANNING,<br>    Defendant. | : <br> : <br> : | |

<u>MEMORANDUM</u>

**BAYLSON, J.**                                                                                     **OCTOBER   8, 2024**

Plaintiff Raheem M. Wilson filed this civil rights action pursuant to 42 U.S.C. § 1983 against Michael Fanning, a Detective with the Philadelphia Police Department. Wilson seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS**

In a period of two weeks, Wilson has filed nine cases against law enforcement officials, including this one, raising repetitive claims. *See Wilson v. Hope*, Civ. A. No. 24-5060 (E.D. Pa.); *Wilson v. Phila. Family Court District,* Civ. A. No. 24-5144 (E.D. Pa.); *Wilson v. Pindle*, Civ. A. No. 24-5230 (E.D. Pa.); *Wilson v. Martin*, Civ. A. No. 24-5231 (E.D. Pa.); *Wilson v. Pinto*, Civ. A. No. 24-5234 (E.D. Pa.); *Wilson v. Gray*, Civ. A. No. 24-5236 (E.D. Pa.); *Wilson v. Sanchez*, Civ. A. No. 24-5285 (E.D. Pa.); *Wilson v. SEPTA*, Civ. A. No. 24-5269 (E.D. Pa.). The Court consolidated Civil Action Numbers 24-5230, 24-5231, 24-5234, 24-5236, and 24-5285 under Civil Action Number 24-5060 and summarily dismissed the complaints in those six cases as unintelligible in violation of Federal Rule of Civil Procedure 8. Thus far, Wilson has not pled a clear legal basis for proceeding in any of his cases.

As in certain of his prior cases, *see, e.g.*, Civil Action Numbers 24-5060 and 24-5144, the Complaint in the instant civil action alleges numerous constitutional violations arising from an array of subjects including Wilson's arrest and the loss of custody of his children. (Compl. at 4-5.) Wilson also asserts physical injuries in the form of cysts and a wound on his finger. (*Id.* at 5.) He seeks damages and assorted injunctive relief. (*Id.*)

## II.  STANDARD OF REVIEW

The Court will grant Wilson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, the Court is required to screen Wilson's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's]

2

favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

      In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

3

**III.   DISCUSSION**

Wilson may not proceed on his claims because the manner in which he has presented them is so confusing, disjointed, and unclear, that neither the Court nor the Defendant could be expected to understand the nature of the claims he brings and the factual basis underlying each claim.  As noted above, a complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing.  *Garrett*, 938 F.3d at 93.  The factual basis for Wilson's claims "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Further, some of Wilson's allegations, to the extent they can be understood, appear to be grounded in delusional or otherwise factually or legally baseless allegations.  In sum, even under the most liberal reading of the Complaint, Wilson has not alleged any plausible basis for a constitutional claim.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss his Complaint.  Considering Wilson's recent filing history, the Court concludes that amendment would be futile.  Wilson is warned that if he continues to file repetitive and unintelligible complaints, the Court will consider restricting his ability to file additional lawsuits.  An appropriate Order follows, which dismisses this case.

                                              **BY THE COURT:**

                                              s/ Michael M.Baylson
                                              **MICHAEL M. BAYLSON, J.**